UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PATRICK JOSHUA DYKAS,

    Petitioner,

v.                                                                    CASE NO. 6:09-cv-477-Orl-36GJK

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.
_____

**ORDER**

    Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1).  Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted.  Thereafter, Respondents filed a response to the petition for writ of habeas corpus alleging the petition was untimely filed (Doc. No. 6).  The Court entered an order finding the petition was timely filed and directed a response on the merits of Petitioner's claims (Doc. No. 17).  Respondents filed a supplemental response (Doc. No. 21), and Petitioner has filed a reply (Doc. No. 25).

    Petitioner alleges seven claims for relief in his habeas petition:  (1) his conviction for attempted robbery violates due process because the State failed to prove all of the necessary elements of the crime; (2) the trial court erred in denying Petitioner's motion for judgment of acquittal;  (3) the State made false statements and knowingly lied to the jury;

(4) trial counsel was ineffective for instructing Petitioner not to testify at trial; (5) trial counsel was ineffective for advancing the unreasonable defense of mistaken identity at trial; (6) the trial court erred in adjudicating Petitioner guilty of aggravated assault with a deadly weapon because the verdict form does not reflect a specific finding that Petitioner used a deadly weapon; and (7) his convictions for attempted robbery and aggravated assault violate double jeopardy because the aggravated assault was subsumed in the attempted robbery. For the following reasons, the petition for writ of habeas corpus is denied.

I.    *Procedural History*

Petitioner was charged with attempted robbery with a deadly weapon (count one), aggravated assault with a deadly weapon (count two), and driving without a driver's license (count three). After a jury trial, Petitioner was convicted as charged of counts one and two. The State entered a nolle prosequi for count three. The trial court sentenced Petitioner to a thirty-year term of imprisonment for count one, as a prison releasee reoffender ("PRR"), and to a fifteen-year term of imprisonment for count two, also as a PRR. The trial court ordered the sentences to run concurrently. Petitioner appealed, raising two grounds for relief. The Fifth District Court of Appeal *per curiam* affirmed.

Petitioner then filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure. The trial court abated the post-conviction proceedings until counsel filed an amended Rule 3.850 motion. Petitioner filed an amended post-conviction motion alleging two claims for relief. The trial court summarily

2

denied the amended motion. On appeal, the Fifth District Court of Appeal affirmed *per curiam*.

Finally, Petitioner filed a state petition for writ of habeas corpus alleging ineffective assistance of appellate counsel. The appellate court denied the petition without discussion. The instant federal habeas petition follows.

## II.   Legal Standards

### A.   *Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")*

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). *See Brown v. Patton*, 544 U.S. 133, 141 (2005); *Price v. Vincent*, 538 U.S. 634, 638-39 (2003). A state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits which warrants deference. *Ferguson v. Calliper*, 527 F.3d 1144, 1146 (11th Cir. 2008).

"Clearly established federal law" consists of the governing legal principles, rather than the *dicta*, set forth in the decisions of the United States Supreme Court at the time the state court issues its decision. *Carey v. Musladin*, 549 U.S. 70, 74 (2006)(citing *Williams v.*

*Taylor*, 529 U.S. 362, 412 (2000)). "[T]o be 'contrary to' clearly established federal law, the state court must either (1) apply a rule that contradicts the governing law set forth by Supreme Court case law, or (2) reach a different result from the Supreme Court when faced with materially indistinguishable facts." *Ward v. Hall*, 592 F.3d 1144, 1155 (11th Cir. 2010) (internal quotations and citation omitted); *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003). A state court decision involves an "unreasonable application" of the Supreme Court's precedents if the state court correctly identifies the governing legal principle but applies it to the facts of the petitioner's case in an objectively unreasonable manner, *Brown*, 544 U.S. at 134; *Bottoson v. Moore*, 234 F.3d 526, 531 (11th Cir. 2000); or, "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Bottoson*, 234 F.3d at 531 (quoting *Williams*, 529 U.S. at 406). The "unreasonable application" inquiry "requires the state court decision to be more than incorrect or erroneous"; it must be "objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75-77 (2003) (citation omitted); *Mitchell*, 540 U.S. at 17-18; *Ward*, 592 F.3d at 1155.

    **B.**    *Standard for Ineffective Assistance of Counsel*

Ineffective assistance of counsel claims are reviewed under the standards established by 28 U.S.C. § 2254(d). *Newland v. Hall*, 527 F.3d 1162, 1183 (11th Cir. 2008). Post-AEDPA, the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), remains applicable to the claims of ineffective assistance of counsel raised in this case. *Newland*, 527 F.3d at 1184. In *Strickland*, the Supreme Court established a two-part test for determining

4

whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[1]  *Strickland*, 466 U.S. at 687-88; *see also Bobby Van Hook*, 130 S. Ct. 13, 16 (2009).  A habeas court's review of a claim under the *Strickland* standard is "doubly deferential." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (April 4, 2011) (quoting *Knowles v. Mirzayanze*, 129 S. Ct. 1411, 1420 (2009)(citing *Yarborough v. Gentry*, 540 U.S. 1, 5-6 (2003)).

States may "impose whatever specific rules . . . to ensure that criminal defendants are well represented," but "the Federal Constitution imposes one general requirement: that counsel make objectively reasonable choices." *Bobby Van Hook*, 130 S. Ct. at 17 (internal quotations and citations omitted).  It is petitioner who bears the heavy burden to "prove, by a preponderance of the evidence, that counsel's performance was unreasonable." *Jones v. Campbell*, 436 F.3d 1285, 1293 (11th Cir. 2006), *cert. denied sub nom. Jones v. Allen*, 127 S. Ct. 619 (2006).  A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (quoting *Strickland*, 466 U.S. at 690), applying a "highly deferential" level of judicial scrutiny.  *Id.*  A court must adhere to a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466

---

[1] In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

U.S. at 689. An attorney is not ineffective for failing to raise or preserve a meritless issue. *Ladd v. Jones*, 864 F.2d 108, 109-10 (11th Cir.), *cert. denied sub nom. Ladd v. Burton*, 493 U.S. 842 (1989); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992) ("a lawyer's failure to preserve a meritless issue plainly cannot prejudice a client"). "To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable. But, the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000)(quoting *Burger v. Kemp*, 483 U.S. 776, 794 (1987)). An ineffectiveness claim premised upon juror selection is evaluated by the court like any other *Strickland* claim. *Harvey v. Warden, Union Correctional Inst.*, 629 F.3d 1228, 1243 (11th Cir. 2011).

## III. Analysis[2]

Petitioner alleges in ground one that his conviction for attempted robbery violates due process because the State failed to prove all of the necessary elements of the crime. Similarly, Petitioner argues in his second ground for relief that the trial court erred by

---

[2]Petitioner concedes that grounds three, four, five, and six are unexhausted because they were not raised on direct appeal, in his Rule 3.850 motion for post-conviction relief, or in his state habeas petition (Doc. No. 25 at 2); *see Duncan v. Henry*, 513 U.S. 364, 365 (1995); *McNair v. Campbell*, 416 F.3d 1291, 1302 (11th Cir. 2005). Thus, these claims are procedurally barred from review by this Court. *Smith v. Sec'y Dep't of Corr.*, 572 F.3d 1327, 1342 (11th Cir. 2009) (citing *Snowden v. Singletary*, 135 F.3d 732, 736 (11th Cir. 1998) ("[W]hen it is obvious that the unexhausted claims would be procedurally barred in state court due to state-law procedural default, we can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief.")). Moreover, Petitioner also states that he wishes to abandon ground seven. *Id.* at 3. Therefore, the Court will only discuss grounds one and two in this Order.

denying his motion for judgment of acquittal because the State failed to prove all of the elements of attempted robbery.

Respondents argue that these grounds are unexhausted because Petitioner did not cite to the federal constitution or any federal law when he raised these grounds in the state court. Pursuant to the AEDPA, federal courts are precluded, absent exceptional circumstances, from granting habeas relief unless the petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-44 (1999). In order to satisfy the exhaustion requirement, a state petitioner must "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan*, 513 U.S. at 365(citations omitted); *McNair*, 416 F.3d at 1302. The petitioner must apprise the state court of the federal constitutional issue, not just the underlying facts of the claim or a similar state law claim. *Snowden*, 135 F.3d at 735.

The Court has reviewed Petitioner's initial brief filed with the Fifth District Court of Appeal and agrees that Petitioner did not cite to federal law or the United States Constitution when arguing the instant claim (App. C). However, the Eleventh Circuit Court of Appeals has noted that "Florida courts assess the sufficiency of the evidence used to convict criminal defendants under a legal standard identical to the one used by federal courts in deciding federal due process challenges to the sufficiency of the evidence." *Mulnix v. Sec'y for Dep't of Corr.*, 254 F. App'x 763, 764 (11th Cir. 2007). Thus, pursuant to *Mulnix*, Petitioner's claim regarding whether there was sufficient evidence to convict him

of attempted robbery would be exhausted because the state standard is the same as that set forth in *Jackson v. Virginia*, 407 U.S. 307 (1979) (noting the standard for determining whether the evidence was sufficient to convict a defendant is "whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt").

Although the Florida standard for addressing the sufficiency of the evidence is identical to the federal standard, in *Pearson v. Sec'y, Dept. of Corr.*, 273 F. App'x 847 (11th Cir. 2008), the Eleventh Circuit refused to apply *Mulnix* and find a claim relating to the sufficiency of the evidence exhausted. The *Pearson* court found that the petitioner argued in the state court that there was no evidence to support a conviction for carjacking because there was no evidence of reasonable fear on the part of the victim, as defined by Florida law. *Id.* at 850. The court concluded that the petitioner's argument was based exclusively on state criminal law defining this element of the offense, and as such, "[n]othing in this argument would have alerted the state court to the presence of a federal claim about due process." *Id.*

In the instant case Petitioner argued in the state court that the evidence was insufficient to find that he committed attempted robbery because the State did not prove that he had intent to take money or property. Similar to *Pearson*, Petitioner relied upon Florida criminal law defining when sufficient evidence of intent has been presented to prove attempted robbery (App. C at 14-15). None of the cases to which Petitioner cited were decided on federal grounds, and he did not indicate that he sought to raise federal

8

claims. Nothing in Petitioner's initial brief or reply brief, therefore, would have alerted the state court to the presence of a federal claim. Thus, *Mulnix* does not apply in the instant case. Because Petitioner did not raise grounds one and two as federal law claims in the state court, they are unexhausted.

Moreover, the Court is precluded from considering these claims, as the claims would be procedurally defaulted if Petitioner returned to state court. *Smith*, 572 F.3d at 1342(citing *Snowden* 135 F.3d at 736 ("[W]hen it is obvious that the unexhausted claims would be procedurally barred in state court due to state-law procedural default, we can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief.")). Petitioner could not return to the state court to raise these grounds as he would be barred from filing a second appeal. Thus, the claims are procedurally defaulted.

Procedural default will be excused only in two narrow circumstances. First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both "cause" for the default and actual "prejudice" resulting from the default. "To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). To establish "prejudice," a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Henderson*, 353 F.3d at 892 (citations omitted).

The second exception, known as the "fundamental miscarriage of justice," only

9

occurs in an extraordinary case, where a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense, in light of the new evidence. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In addition, "'[t]o be credible,' a claim of actual innocence must be based on [new] reliable evidence not presented at trial." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup*, 513 U.S. at 324).

Petitioner has neither alleged nor shown cause or prejudice that would excuse any procedural default. Likewise, he has not shown the applicability of the actual innocence exception. A review of the record reveals that Petitioner is unable to satisfy either of the exceptions to the procedural default bar. Therefore, claims one and two are procedurally barred from review.

Alternatively, assuming these claims were properly exhausted, the Court finds that Petitioner has not demonstrated that he is entitled to relief on the merits of his claims. In Florida, the "purpose of a motion for judgment of acquittal is to test the legal sufficiency of the evidence presented by the state." *Harris v. State*, 954 So. 2d 1260, 1261 (Fla. 5th DCA 2007) (citation omitted). The Supreme Court of the United States has held that when reviewing an insufficiency of the evidence claim in a habeas petition, a federal court must determine "whether, after viewing the evidence in the light most favorable to the

prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319; *Owen v. Sec'y for Dep't of Corr.*, 568 F.3d 894, 918 (11th Cir. 2009). The court must assume that the jury resolved any evidentiary conflicts in favor of the prosecution, and the court must defer to that resolution. *Jackson*, 443 U.S. at 326; *Johnson v. Alabama*, 256 F.3d 1156, 1172 (11th Cir. 2001). Additionally, the Court must defer to the judgment of the jury in determining the credibility of witnesses and in weighing the evidence. *See Schlup v. Delo*, 513 U.S. 298, 330 (1995); *Johnson*, 256 F.3d at 1172.

Petitioner has not demonstrated that the trial court erred by denying his motion for judgment of acquittal because there was sufficient evidence to prove that he committed the crime of attempted robbery. In Florida, a prima facie case for robbery requires proof that (1) the defendant took the victim's property, (2) with the intent to permanently deprive the victim of that property and (3) that in the course of the taking the accused used force, violence, assault, or intimidation. Fla. Stat. § 812.13(1). To prove attempted robbery, the State must demonstrate that the defendant "formed the intent to take the victim's property and committed some overt act to accomplish that goal." *Fournier v. State*, 827 So. 2d 399, 400-01 (Fla. 2d DCA 2002) (citing *Green v. State*, 655 So. 2d 208 (Fla. 3d DCA 1995)). A "defendant's intent is generally a jury question." *Id.* at 401. However, Florida courts have also noted that the State "must present some competent, substantial evidence from which the jury could infer the defendant's intent to deprive the victim of property." *Id.* (citation omitted).

11

There was sufficient circumstantial evidence to demonstrate that Petitioner formed the intent to take property from the victims. Victim Vincent Vuoto ("Vuoto") testified that he was driving to the Surfside Towers in Daytona Beach at approximately 9:00 p.m. after he and his girlfriend, Melissa Catarra ("Catarra") had dinner (App. A at 33-34). Vuoto drove into an enclosed parking garage and parked in his designated parking spot. *Id.* at 34-35. Vuoto noticed a white Lincoln Town Car enter the garage after they parked, however, Vuoto first thought it was another resident. *Id.* at 35-36. Vuoto became suspicious when the vehicle made a three-point turn and drove back toward where Vuoto had parked. *Id.* Vuoto and Catarra had remained in the vehicle while Catarra concluded a telephone conversation with Vuoto's mother. *Id.* at 36. The Lincoln Town Car drove against the flow of traffic and stopped behind Vuoto's car approximately one foot away from the parked car, partially blocking Vuoto's vehicle in the spot. *Id.* at 38. Vuoto locked the car doors. *Id.* Vuoto looked in his rearview mirror and observed a white male with a bandana covering the lower half of his face pointing a gun at him and gesturing or signaling for Vuoto to exit his vehicle. *Id.* at 39. Vuoto testified that he was extremely scared, and he opened his door to exit the vehicle at which time the car alarm activated. *Id.* at 40. The man in the vehicle drove away. *Id.* at 51. Vuoto instructed Catarra to call 911. *Id.* Vuoto later identified the person in custody as the man who pointed the gun at him. *Id.* at 55. This man was identified as Petitioner. *Id.* at 56.

Catarra testified that on March 8, 2005, after dinner she and Vuoto drove back to her family's condominium. *Id.* at 67. Catarra was on the phone with Vuoto's mother. *Id.* at 68.

Catarra did not notice anything unusual until Vuoto instructed her to duck down. *Id.* Catarra instead turned around and saw a man in a white car pointing a gun at their car. *Id.* Catarra testified that the man had something covering his face and he beckoned with his hand that they should get out of the car. *Id.* at 69. When Vuoto opened the door, the car alarm activated and the white car exited the parking garage. *Id.* Although Catarra initially told the 911 operator that the man wore a mask, she really meant that the man had been wearing a bandana. *Id.* at 76. Catarra also identified Petitioner as the man she saw in the parking garage. *Id.* at 72. When police stopped Petitioner's vehicle approximately ten minutes after the incident was reported, a pellet gun was found in his car that resembled a .45 caliber Smith & Wesson. *Id.* at 86-87. Police also found a bandana in the pocket of a jacket located in Petitioner's car. *Id.* 89-91.

In *Green v. State*, 655 So. 2d 208, 209 (Fla. 3d DCA 1995), the Third District Court of Appeal of Florida found that testimony supported a verdict of attempted robbery where it was established that the defendant hailed a taxi cab and upon arriving at the stated address, asked the cab driver for change, and then leaned over the driver and turned off the ignition. Although the defendant was hit on the head and the cab driver drove away, the court determined that the defendant's overt act of turning off the vehicle ignition while the driver looked for change was sufficient to support a conviction for attempted robbery. *See id.* Similar to *Green*, although Petitioner did not ask Vuoto or Catarra for money, Petitioner blocked their vehicle, pointed what appeared to be a real firearm at them, and gestured for them to exit the vehicle. Petitioner's attempt to commit a robbery was

13

thwarted by the car alarm's activation. From the testimony presented at trial, the jury could infer that Petitioner had the intent to permanently deprive Vuoto or Catarra of property and that he committed an overt act to accomplish that goal.

After viewing the evidence in a light most favorable to the prosecution, the Court concludes that any rational trier of fact could have found Petitioner guilty of attempted robbery. As such, the state court's denial of claims one and two was neither contrary to, or an unreasonable application of, federal law, nor was the decision an unreasonable determination of facts in light of the evidence presented. Accordingly, claims one and two are denied pursuant to § 2254(d).

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

## IV.  *Certificate of Appealability*

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Petitioner has not made the requisite

showing in these circumstances. The Court will deny Petitioner a certificate of appealability.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus filed by Patrick Joshua Dykas (Doc. No. 1) is **DENIED,** and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

2. Petitioner is **DENIED** a Certificate of Appealability.

3. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Orlando, Florida, this 6th day of March, 2012.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
OrlP-3 3/6
Counsel of Record
Patrick Joshua Dykas